UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:09-cr-47-VMC-AEP

JOSEPH LESE

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Joseph Lese's Motion for Reduction in Sentence Pursuant to Title 18 U.S.C. Section 3582(c)(1)(A) (Doc. # 424), filed on December 6, 2023. The United States of America responded on December 27, 2023. (Doc. # 426). For the reasons that follow, the Motion is denied.

**I.   Background**

In 2010, this Court sentenced Lese to serve a total of 300 months' imprisonment after a jury found him guilty of aiding and abetting in the possession and transfer of unregistered firearms, in violation of 26 U.S.C. §§ 5861(b), (d), and (e), 5845, and 5871 (Count 2); conspiring to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii) (Count 3); and possessing firearms in

1

furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(i), and 2 (Count 4). (Doc. # 227).

Lese, who is seventy years old, is currently on home detention. (Doc. # 424 at 1). He seeks to have his sentence reduced to time served so that he may transition to supervised release. (Id. at 1-2). Lese has various medical issues and states that his doctors recommend immediate surgeries to remove his gallbladder and cataracts, and that he may need aortic aneurysm repair surgery as well. (Id. at 4). Although Lese has medical coverage, he represents that his carrier has denied him coverage for certain procedures that he believes are necessary. (Id. at 5). Lese maintains that, if the Court were to grant him compassionate release, he would then be eligible for Medicare. (Id.). He believes that Medicare would expand his treatment options. (Id.).

The United States opposes compassionate release. (Doc. # 426). The Court held a hearing on the Motion on January 25, 2024. (Doc. # 431). The Motion is ripe for review.

**II. Discussion**

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010).

2

The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. <u>United States v. Jones</u>, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." <u>United States v. Alonge</u>, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." <u>United States v. Allen</u>, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

3

Here, the Court assumes without deciding that Lese has established an extraordinary and compelling reason for compassionate release based on his health issues and age.

Nevertheless, the Court agrees with the United States that Lese presents a danger to the community and the Section 3553(a) factors weigh against compassionate release. Lese's crimes were significant and did not require physical ability. As the United States notes, Lese "sold unregistered guns and provided them to a crew of men who used them — and intended to continue using them — to commit armed home invasion robberies" and Lese "also brokered and completed multikilogram cocaine deals." (Doc. # 426 at 8). Indeed, Lese's medical conditions and age do not prevent him from committing these same types of crimes again and it appears that Lese's financial situation (his motivation for committing his crimes) remains unchanged.

Considering the seriousness of Lese's crimes, requiring Lese to serve his full sentence is warranted. Notably, the remainder of Lese's sentence will be served in home confinement rather than in prison, which reduces the persuasiveness of Lese's request for a reduced sentence. Furthermore, before committing his crimes, Lese had served as a corrections officer – a law enforcement position that no

doubt made it clear to Lese the seriousness and danger of the crimes he later chose to commit. The need for deterrence for such crimes and to increase respect for the law is great and weighs against the granting of compassionate release here. The Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Joseph Lese's Motion for Reduction in Sentence Pursuant to Title 18 U.S.C. Section 3582(c)(1)(A) (Doc. # 424) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of May, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE